**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

DARNELL TUBBS, a/k/a Darnell Johnson,

                Plaintiff,

   v.                                          9:19-CV-0126
                                                       (LEK/DJS)
DON VENETTOZZI, *et al.*,

                Defendants.

---

**APPEARANCES:**                           **OF COUNSEL:**

DARNELL TUBBS
95-B-1929
Plaintiff, pro se
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. LETITIA JAMES                    RYAN W. HICKEY, ESQ.
New York State Attorney General        Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART
United States Magistrate Judge**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and commenced this action

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his federal constitutional rights. *See generally* Dkt. No. 15, Am. Compl. The District Court reviewed the Amended Complaint under 28 U.S.C. §§ 1915 & 1915A and dismissed certain claims and Defendants and permitted the filing of the Amended Complaint. Dkt. No. 24. Following that review the following claims remain: (1) Eighth Amendment excessive force and failure to intervene claims against Defendants Uhler, Garland, and Mitchell; (2) Eighth Amendment medical indifference claims against Defendants Garland, Gravel, and Mandalaywa; (3) First Amendment retaliation claims against Defendants Garland, Manson, and Woodruff; and (4) Fourteenth Amendment due process claims against Defendants Woodruff and Venettozzi. Defendants Woodruff and Venettozzi now move for summary judgment under FED. R. CIV. P. 56 with respect to Plaintiff's due process claims. Dkt. Nos. 108 & 108-9, Defs.' Mem. of Law at pp. 5-11.[2] Defendant Mandalaywa seeks summary judgment on the sole remaining claim against him. Dkt. No. 108; Defs.' Mem. of Law at pp. 12-14. Plaintiff opposes the Motion. Dkt. No. 118, Pl.'s Opp.[3]

---

[2] The District Court's review of the Amended Complaint found that it contained a First Amendment retaliation claim against Defendant Woodruff. Dkt. No. 24 at pp. 14-15; *see also* Am. Compl. at ¶ 86. Woodruff now seeks summary judgment as to that claim "for the same reasons" he seeks summary judgment as to the due process claims. Defs.' Mem. of Law at p. 9 n.3. Due process and retaliation claims, however, apply very different legal standards. Given that Defendant Woodruff makes no arguments specific to the applicable First Amendment standards, the Court recommends that the Motion be denied as to the retaliation claim.

[3] Plaintiff's opposition contains several different documents, which have been filed under the same docket number. For ease of reference his opposition is cited throughout this opinion as Pl.'s Opp. followed by page citations to the page numbers provided by the Court's CM/ECF system.

For the reasons set forth below, the Court recommends that the Motion be granted in part and denied in part.

## I. FACTUAL BACKGROUND[4]

On November 29, 2016, while an inmate at Upstate Correctional Facility, Plaintiff received an inmate misbehavior report issued by Corrections Officer W. Garland. Dkt. No. 108-2, Woodruff Decl., ¶ 8 & Ex A.[5] That report charged him with failure to comply with a direct order and an unhygienic act. *Id.* Plaintiff was given the opportunity to request an employee assistant prior to a disciplinary hearing being held. Woodruff Decl. at Ex. B at p. 47. Plaintiff met with his employee assistant, identified several potential witnesses he wished to call at his hearing, and identified documentary evidence he wished to present at his hearing. *Id.* at pp. 45-46. Defendant Woodruff was designated to act at the disciplinary hearing regarding the November 29 misbehavior report. Woodruff Decl. at ¶ 12. That hearing began on December 7, 2016 and was adjourned several times. *Id.* at ¶ 13 & Ex. B. at pp. 7-9. The hearing was completed on January 4, 2017 at which time Plaintiff was found guilty of both charges lodged in the report. Woodruff Decl. at Ex. B at p. 1. Plaintiff appealed the decision and the disposition was modified by dismissal of the failure to comply with a direct order charge. *Id.*

---

[4] Only facts related to Plaintiff's due process claim are recounted here.

[5] The exhibits to the Woodruff Declaration are contained in Dkt. Nos. 108-2 – 108-6.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). In considering a summary judgment motion, the Court's role "is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

#### A. Eighth Amendment Claim

Plaintiff's Amended Complaint alleges that Defendant Mandalaywala was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment. Mandalaywala is alleged to be the Facility Heath Services Director at Upstate Correctional Facility. Am. Compl. at p. 3. Plaintiff alleges that Dr. Mandalaywala was made aware that Plaintiff had allegedly swallowed several sharp objects, but provided no medical treatment. *Id.* at ¶¶ 67-68; *see also* Dkt. No. 24 at p.

12.[6] Plaintiff alleges that Defendant improperly cancelled medical appointments. Am. Compl. at ¶ 99. He further alleges that Dr. Mandalaywala was present during an improperly conducted examination following an alleged sexual assault. *Id.* at ¶ 100.

Dr. Mandalaywala has not offered a sworn statement denying any of these allegations. He relies instead on Plaintiff's deposition testimony to argue that Plaintiff's allegations regarding the cancellation of appointments and the medical examination are too speculative and conclusory to state a claim. Defs.' Mem. of Law at p. 14. While conclusory allegations are generally insufficient under section 1983, *Houghton v. Cardone*, 295 F. Supp. 2d 268, 273 (W.D.N.Y. 2003), the Court disagrees that on this record Plaintiffs claims are so conclusory that dismissal on summary judgment is appropriate.

The Amended Complaint specifically alleges that Defendant acted with deliberate indifference to Plaintiff's medical needs when outside medical appointments were cancelled. Am. Compl. at ¶ 99. While Plaintiff's deposition testimony could not specifically establish that Defendant had been the one who cancelled the appointments, it does allege that Defendant was one of two people who could have done so. Pl.'s Dep. at pp. 291-292. Dr. Mandalaywala has not offered any evidence to the contrary. Again, here, given that this claim was sufficient to withstand initial review and no additional

---

[6] Defendant makes no argument as to why this claim should be dismissed and so summary judgment should be denied as to it.

evidence has been offered by Defendant, the Court recommends that summary judgment on that claim be denied.[7]

With respect to the medical examination allegedly conducted in an improper manner, the Amended Complaint specifically alleges that Dr. Mandalaywala was present and did not intervene. Am. Compl. at ¶ 100. Defendant relies on testimony from Plaintiff's deposition that he was not sure if Mandalaywala was present for the exam. *See* Defs.' Mem. of Law at p. 14 (citing Dkt. No. 108-8, Pl.'s Dep. at p. 289). In Defendant's view, that makes Plaintiff's claim conclusory. Plaintiff, however, testified elsewhere during his deposition that while he was not certain whether Dr. Mandalaywala was present at the precise moment when the examination took place, he did see him near the examination room around the time of the examination. Pl.'s Dep. at p. 150. Given that part of Plaintiff's claim is that the examination was not held in a proper area and Dr. Mandalaywala should have made certain it was conducted in a proper area, *id.* at p. 290, these allegations are sufficient to defeat the present Motion. As noted, Plaintiff's Amended Complaint specifically alleged Defendant's presence at the time of the examination and his deposition testimony about Mandalaywala's involvement did not explicitly contradict that allegation. *See Brown v. Kerbein*, 2009 WL 1514667, at *2 (W.D.N.Y. May 29, 2009) (finding no personal involvement when "plaintiff's

---

[7] The same argument applies to Defendant's contention that Plaintiff has not alleged a sufficiently culpable state of mind. Defs.' Mem. of Law at p. 14. The District Court found that Plaintiff's claims could proceed and there is no evidence in the record regarding Dr. Mandalaywala's subjective views on which this Court could base a contrary finding.

deposition testimony directly contradicts his allegation of defendant['s] . . . personal involvement."). Moreover, given that Dr. Mandalaywala has not offered a sworn statement denying he was present or advising what, if any, knowledge he has regarding the conduct of the examination, the allegations in the Amended Complaint remain, as they were at the initial review stage, sufficient to require further proceedings. *See Jackson v. Yando*, 2016 WL 11478235, at *6 (N.D.N.Y. Jan. 19, 2016), *report and recommendation adopted*, 2016 WL 756540 (N.D.N.Y. Feb. 23, 2016) (finding allegation of personal involvement conclusory and granting summary judgment given defendant's sworn statement that he was not present when plaintiff had testified at deposition only that he was unsure if defendant was present).

For these reasons, the Court recommends that Dr. Mandalaywala's Motion for Summary Judgment be denied.

### B. Due Process Claim

In the context of inmate disciplinary hearings, the Fourteenth Amendment requires inmates receive certain protections including: (1) at least twenty-four hours written notice of the disciplinary charges; (2) the inmate be permitted to call witnesses and present evidence "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; (3) the inmate be judged by a fair and impartial hearing officer; (4) the disciplinary conviction be supported by some evidence; and (5) the inmate be provided with a written statement of fact findings that support the

disposition as well as the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

### *1. Defendant Woodruff*

Defendant Woodruff conducted the inmate disciplinary hearing at issue in this case. Plaintiff concedes he received timely notice of the inmate misbehavior report. Pl.'s Opp. at p. 2. The Amended Complaint makes a number of allegations regarding the alleged denial of other protections identified by *Wolff*. Though some of the claims do not fit squarely in the *Wolff* categories, they provide a useful tool for organizing the Court's discussion of Plaintiff's claims.

### *a. Impartial Hearing Officer*

Plaintiff makes numerous allegations of bias against Woodruff, including his insistence on proceeding with the hearing despite Plaintiff not being prepared, his alleged coaching of witnesses, his failure to consider exculpatory evidence, and his alleged conflict of interest. Am. Compl. at ¶¶ 41-56; *see also* Pl.'s Opp. at pp. 4-7. None of these claims is sufficient to withstand summary judgment.

"An impartial hearing officer is one who 'does not prejudge the evidence' or an inmate's guilt." *Sowell v. Bullis*, 2016 WL 1696454, at *13 (N.D.N.Y. Mar. 25, 2016), *report and recommendation adopted*, 2016 WL 1700410 (N.D.N.Y. Apr. 27, 2016). Plaintiff's factual allegation of bias is initially belied by his own statement during his hearing that Woodruff was "a good hearing officer." Woodruff Decl., Ex. C at p. 16.

With respect to the alleged coaching of witnesses, Plaintiff argues that the hearing transcript "conveniently doesn't show this." Pl.'s Opp. at p. 5. Plaintiff cites a number of transcript pages as evidence, though he does not explain exactly how the cited pages support his position. *Id.* Plaintiff's conclusory allegations that the transcript has been tampered with are insufficient to create a question of fact. *Hilson v. Maltese*, 2012 WL 6965105, at *6 n. 10 (N.D.N.Y. Dec. 14, 2012), *report and recommendation adopted*, 2013 WL 375489 (N.D.N.Y. Jan. 30, 2013); *Proctor v. Kelly*, 2008 WL 5243925, at *5 (N.D.N.Y. Dec. 16, 2008).[8] As are the non-specific allegations of witness coaching. *Allen v. Graham*, 2017 WL 9511168, at *15 (N.D.N.Y. Sept. 26, 2017), *report and recommendation adopted*, 2017 WL 5957742 (N.D.N.Y. Dec. 1, 2017).

Moreover, "[w]here claims of bias are based on purely conclusory allegations, 'they are routinely dismissed.'" *Williams v. Chuttey*, 2017 WL 9673722, at *11 (N.D.N.Y. Sept. 5, 2017), *report and recommendation adopted*, 2018 WL 1413049 (N.D.N.Y. Mar. 21, 2018) (quoting *McAllister v. Call*, 2014 WL 5475293, at *12 (N.D.N.Y. Oct. 29, 2014)); *see also Brown v. Dubois*, 2017 WL 9511165, at *3 (N.D.N.Y. Feb. 28, 2017), *report and recommendation adopted*, 2017 WL 1102746 (N.D.N.Y. Mar. 24, 2017) ("Claims of hearing officer bias are common in § 1983 cases by inmate plaintiffs, and where they are based on purely conclusory allegations, they are

---

[8] Plaintiff makes a claim that he requested other witnesses who were not called to testify. He further claims that the actual audio recording of the hearing establishes this fact. Pl.'s Opp. at p. 5. Plaintiff has not offered that tape as evidence in opposition to the Motion and so his claim as to the witnesses should also be dismissed as conclusory.

10

routinely dismissed."); *Lopez v. Whitmore*, 2015 WL 4394604, at *11 (N.D.N.Y. July 16, 2015) ("An inmate's own subjective belief that the hearing officer was biased is insufficient to create a genuine issue of material fact."). Prison officials serving as hearing officers "are presumed to be unbiased." *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996). Nothing in Plaintiff's Amended Complaint rebuts that presumption here.

The Amended Complaint makes an additional claim that Woodruff operated under a conflict of interest because of his role in investigating the incident underlying the misbehavior report. Am. Compl. at ¶ 56. There is no evidence that this in true in the record. Moreover, the Court notes that given "the special characteristics of the prison environment, it is permissible for the impartiality of [hearing officers] to be encumbered by various conflicts of interest that, in other contexts, would be adjudged of sufficient magnitude to violate due process." *Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir. 1989). The fact that a hearing officer may have had information regarding the underlying incident does not itself create an impermissible conflict for purposes of due process. *Moore v. Griffin*, 2015 WL 5330366, at *10 (N.D.N.Y. Sept. 11, 2015). Nor is the conclusory allegation that Woodruff was biased as a result of prior grievances filed against him sufficient to state a claim. *Vega v. Artus*, 610 F. Supp. 2d 185, 200 (N.D.N.Y. 2009).

### b. Documentary Evidence

Inmates have a right to present documentary evidence at their disciplinary hearing. *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004). "[A]n inmate's right to present

documentary evidence in his defense does not entail an obligation on the part of prison officials to retrieve every document that an inmate requests for his case. Even when documents are relevant and obtainable." *Amaker v. Coombe*, 2002 WL 523388, at *10 (S.D.N.Y. Mar. 29, 2002). Plaintiff objects that he was not provided with a copy of the report addressing this incident prior to the hearing. Am. Compl. at ¶ 43. Woodruff advised that Plaintiff would be entitled to view the report after appropriate redactions were made. Woodruff Decl., Ex. C at p. 3. He adjourned the hearing in order to permit Plaintiff access to report, which Plaintiff was eventually able to view. Woodruff Decl. at ¶ 30. After Plaintiff reviewed the report Woodruff asked Plaintiff if he wished to recall any witnesses and he declined. Woodruff Decl. at ¶ 32. As a result, he was aware of the contents of the report during the hearing and has not established prejudice from the fact that he did not have an actual copy of the report prior to the start of the hearing. *See Loving v. Selsky*, 2009 WL 87452, at *3 (W.D.N.Y. Jan. 12, 2009) ("Even if it would have been preferable to have obtained [documents] for plaintiff's review prior to the hearing, plaintiff has not shown or explained how the hearing would likely have had a different outcome if that had been done.").

### *c. Some Evidence*

"[J]udicial review of the written findings required by due process is limited to determining whether the disposition is supported by some evidence." *McDonald v. Zerniak*, 2016 WL 6581289, at *5 (N.D.N.Y. Nov. 4, 2016) (internal quotation and alteration omitted). This requires the Court to determine "whether there was reliable

evidence of the inmate's guilt." *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004). Plaintiff claims that given the existence of exculpatory evidence, finding him guilty of the charges violated his due process rights. This claim lacks merit.

First, to the extent Plaintiff claims that video evidence was altered, by the removal of audio, to undermine his defense, Pl.'s Opp. at pp. 5-6, this claim is purely conclusory and insufficient to defeat summary judgment. *Hilson v. Maltese*, 2012 WL 6965105, at *6 n. 10; *Proctor v. Kelly*, 2008 WL 5243925, at *5.

Second, Plaintiff claims that the video evidence itself does not support the allegations in the misbehavior report and that Mitchell and Garland testified contrary to prior statements. Pl.'s Opp. at p. 6. These arguments represent merely a disagreement on Plaintiff's part with the way Defendant Woodruff evaluated the evidence. "[I]t is not the role of the Court to evaluate the credibility of witnesses at a disciplinary hearing." *Johnson v. Goord*, 487 F. Supp. 2d 377, 385 (S.D.N.Y. 2007). Instead, "it was within the hearing officer's province to assess the credibility of the witnesses." *Alsaifullah v. Smith*, 2016 WL 1595391, at *7 (N.D.N.Y. Apr. 20, 2016). Here, Woodruff specifically found the testimony of correctional staff credible. Woodruff Decl., Ex. B at p. 2. "The fact that [Woodruff] made these credibility assessments does not amount to a due process violation." *Pilgrim v. Dixon*, 2012 WL 4052003, at *2 (W.D.N.Y. Sept. 13, 2012). "Defendant Woodruff was entitled to make credibility determinations in rendering his decision and Plaintiff's own testimony to the contrary does not render the disposition unsupported by some evidence." *Kotler v. Daby*, 2013 WL 1294282, at *10

13

(N.D.N.Y. Mar. 28, 2013). The "some evidence" standard is satisfied when hearing testimony was consistent with the written misbehavior report. *See Hinton v. Prack*, 2014 WL 4627120, at *15 (N.D.N.Y. Sept. 11, 2014) (citation omitted); *Kotler v. Daby*, 2013 WL 1294282, at *10; *Creech v. Schoellkoph*, 688 F. Supp. 2d 205, 214 (W.D.N.Y. 2010) (same).

### 2. Defendant Venettozzi

Plaintiff alleges that his due process rights were violated by virtue of Venettozzi's partial affirmance of the disciplinary hearing conducted by Defendant Woodruff. Am. Compl. at ¶ 81. The Court recommends that Venettozzi's Motion be granted.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). A supervisory official "may not be held liable for damages for constitutional violations merely because he held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Despite this rule, the Second Circuit for some time held that a supervisory official could be held liable under circumstances related to that supervisory role that did not involve their direct action. *See Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995). *Colon* set forth five theories of liability that could apply to supervisory officials. *Id.* at 873. The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), however, "engendered conflict within our Circuit about the continuing vitality of the supervisory liability test set forth in *Colon*." *Reynolds v. Barrett*, 685 F.3d 193, 205 n.

14 (2d Cir. 2012). The conflict remained unresolved until the Second Circuit's decision in *Tangreti v. Bachmann* which concluded that "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 676).

*Tangreti* requires that Plaintiff allege and establish that Defendants violated his rights "by [their] own conduct, not by reason of [their] supervision of others who committed the violation." 983 F.3d at 619. Plaintiff's allegation here is that Venettozzi knew of the violations of others and did nothing to remedy them. That is insufficient to establish his personal involvement. "It is well settled that affirming the outcome of a disciplinary hearing does not in itself constitute personal involvement in any potential due process violation." *Abdul-Halim v. Bruyere*, 2021 WL 3783087, at *3 (N.D.N.Y. Aug. 26, 2021); *see also Jackson v. Polizzi*, 2021 WL 5909979, at *4 (S.D.N.Y. Dec. 13, 2021); *Smart v. Annucci*, 2021 WL 260105, at *5 (S.D.N.Y. Jan. 26, 2021) (that "Venettozzi denied Plaintiff's administrative appeal" is not a basis for establishing his personal involvement). The Court, therefore, recommends that Venettozzi's Motion be granted.

Accordingly, the Court recommends that Defendants be granted summary judgment on Plaintiff's due process claim.

15

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 108) be **GRANTED as to Plaintiff's Fourteenth Amendment Due Process claims against Defendants Woodruff and Venettozzi and otherwise DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 20, 2022
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge