UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DARNELL TUBBS, a/k/a Darnell
Johnson,

                                    Plaintiff,

          -against-                                          9:19-CV-0126 (LEK/DJS)

DON VENETTOZZI, *et al.*,

                                    Defendants.

_____

## MEMORANDUM-DECISION AND ORDER

## I.     INTRODUCTION

        Plaintiff is an inmate in the custody of the New York State Department of Corrections

and Community Supervision ("DOCCS"). Dkt. No. 15 ("Amended Complaint" or "Complaint").

He brought this action pro se pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that

various defendants violated his constitutional rights. Id. The Court reviewed his Complaint under

28 U.S.C. §§ 1915, 1915A,[1] and dismissed certain claims and defendants before allowing the

Complaint to be served on the remaining defendants. Dkt. No. 24. The following claims

remained: (1) Eighth Amendment excessive force and failure to intervene claims against

Superintendent Donald Uhler, Correction Officer ("C.O.") Wayne Garland, and C.O. Randy

Mitchell; (2) Eighth Amendment medical indifference claims against C.O. Garland, Counselor

Jeniffer Gravel, and Doctor Vijay Mandalaywala; (3) First Amendment retaliation claims against

_____

[1] Title 28 of the United States Code, Section 1915, requires a federal district court to dismiss an
action brought in forma pauperis if the court determines sua sponte that the action is frivolous or
malicious, fails to state a claim, or seeks damages from a defendant who is immune from such
relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii).

C.O. Garland, C.O. Michael Manson, and Deputy Superintendent of Security Paul Woodruff;[2] and (4) Fourteenth Amendment due process claims against Deputy Woodruff and Director of Special Housing Donald Venettozzi.

The case proceeded to discovery. On September 10, 2021, Defendants Woodruff and Venettozzi moved for summary judgment with respect to Plaintiff's due process claims, and Defendant Mandalaywala moved for summary judgment on the sole medical indifference claim against him. Dkt. No. 108 ("Motion"). Plaintiff responded on November 8, 2021. Dkt. No. 118 ("Plaintiff's Response"). No Defendant filed a reply. On July 20, 2022, the Honorable Daniel J. Stewart, United States Magistrate Judge, recommended that Mandalaywala's Motion be denied, Dkt. No. 123 ("Report-Recommendation") at 5–8, but that Woodruff and Venettozzi's Motions be granted, id. at 8–15. Plaintiff filed objections to the Report-Recommendation. Dkt. No. 124 ("Objections"). No Defendant responded. For the reasons set forth below, the Court approves and adopts the Report-Recommendation in its entirety.

II.     **BACKGROUND**

    **A. Factual Allegations**

Plaintiff's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 3, 9, 11, 14 (recounting facts related to Plaintiff's due process claims); id. at 5–7 (recounting facts related to Plaintiff's medical indifference claims).

    **B. The Report-Recommendation**

First, the Magistrate Judge analyzed Plaintiff's medical indifference claim against Mandalaywala. R. & R. at 5–8. The Magistrate Judge recommended that Mandalaywala's Motion be denied because Mandalaywala failed to provide a sworn statement or any other

---

[2] Plaintiff identified Paul Woodruff as "Pete" Woodruff in his Complaint. See Compl. at 2.

evidence that contradicts the allegations of medical indifference made by Plaintiff. Defendant

merely argued that Plaintiff's statements were "too speculative and conclusory to state a claim."

Id. at 6. The Magistrate Judge found that Plaintiffs claims were not "so conclusory that dismissal

on summary judgment is appropriate," id., as Mandalaywala had suggested, and therefore,

recommended the denial of Mandalaywala's Motion, id. at 8.

Then, the Magistrate Judge proceeded to analyze Plaintiff's due process claims against

Woodruff and Venettozzi. R. & R. at 8–15. The Magistrate Judge observed at the outset of his

analysis that:

> In the context of inmate disciplinary hearings, the Fourteenth
> Amendment requires inmates receive certain protections including:
> (1) at least twenty-four hours written notice of the disciplinary
> charges; (2) the inmate be permitted to call witnesses and present
> evidence "when permitting him to do so will not be unduly
> hazardous to institutional safety or correctional goals"; (3) the
> inmate be judged by a fair and impartial hearing officer; (4) the
> disciplinary conviction be supported by some evidence; and (5) the
> inmate be provided with a written statement of fact findings that
> support the disposition as well as the reasons for the disciplinary
> action taken.

R. & R. at 8–9 (citing Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974)). He added that while

"some of [Plaintiff's] claims do not fit squarely in the Wolff categories, they provide a useful

tool for organizing the Court's discussion of Plaintiff's claims." R. & R. at 9.[3]

The Magistrate Judge recommended that the Court grant summary judgment to Woodruff

on Plaintiff's due process claims because Plaintiff failed to present specific facts that would

show a "genuine issue for trial." R. & R. at 4. With respect to Plaintiff's claim that Woodruff

---

[3] For instance, there is no indication in the record that Plaintiff did not receive "at least twenty-four hours written notice of the disciplinary charges" against him. Wolff, 418 U.S. at 563. Rather, Plaintiff has claimed that he did not receive certain documentary evidence—i.e., a report addressing the contested incident—prior to the start of the hearing. Compl. ¶ 43.

was biased and partial as a hearing officer, the Magistrate Judge found that Plaintiff only

supported this claim with conclusory allegations, which are not enough to survive summary

judgment. Id. at 9–10. Plaintiff's second claim regarding the documentary evidence was also

insufficient because he failed to identify any prejudice from not receiving "a copy of the report

addressing [the] incident" before the hearing started. Id. at 12.[4] As for Plaintiff's third claim that

his due process rights were violated because of the "existence of exculpatory evidence," id. at 13,

the Magistrate Judge found it similarly lacking because Plaintiff only supported this claim by

expressing disagreement "with the way Defendant Woodruff evaluated the evidence," id.

Accordingly, the Magistrate Judge recommended granting Woodruff's Motion.

       The Magistrate Judge then recommended that the Court grant summary judgment to

Venettozzi because Plaintiff failed to establish Venettozzi violated Plaintiff's rights "by

[Venettozzi's] own conduct . . . ." R. & R. at 15 (quoting Tangreti v. Bachmann, 983 F.3d 609,

619 (2d Cir. 2020) ("[The plaintiff] must . . . establish that [the defendant] violated [his

constitutional rights] by [the defendant's] own conduct, not by reason of [the defendant's]

supervision of others who committed the violation."). In support of his recommendation, the

Magistrate Judge noted that "affirming the outcome of a disciplinary hearing does not in itself

constitute personal involvement" sufficient to establish liability under Section 1983. R. & R. at

15 (citing Abdul-Halim v. Bruyere, No. 19-CV-740, 2021 WL 3783087, at *3 (N.D.N.Y. Aug.

26, 2021)).

---

[4] Woodruff "adjourned the hearing in order to permit Plaintiff access to [a redacted version] of
the report, which Plaintiff was eventually able to view." R. & R. at 12 (citing Woodruff Decl. ¶
30). "After Plaintiff reviewed the report Woodruff asked Plaintiff if he wished to recall any
witnesses and he declined." R. & R. at 12 (citing Woodruff Decl. ¶ 30). "As a result, he was
aware of the contents of the report during the hearing and has not established prejudice from the
fact that he did not have an actual copy of the report prior to the start of the hearing." R. & R. at
12 (citing Loving v. Selsky, No. 07-CV-6393, 2009 WL 87452, at *3 (W.D.N.Y. Jan. 12, 2009).

### C.  Plaintiff's Objections

Plaintiff objected to the Report-Recommendation on August 5, 2022. See Obj. Plaintiff only opposed the Magistrate Judge's recommendation to grant summary judgment to Woodruff. See id. Plaintiff did not object to the other recommendations. See id.

In his Objections, Plaintiff argues that "[a] primary reason" the Magistrate Judge rejected his claim regarding Woodruff's bias was Plaintiff's hearing testimony that Woodruff was "a good hearing officer." Pl.'s Obj. at 2–3; see R. & R. at 9 (quoting Woodruff Decl., Ex. C at 16). Plaintiff claims that this was "faulty" because he never made this statement, and that in two of his filings, he swore the hearing transcript was tampered with. Pl.'s Obj. at 3.

Plaintiff also cites two of the Magistrate Judge's prior opinions in which Plaintiff claims the Magistrate Judge "stresses the need and importance in reviewing audio and/or video footage where it exists when there is a dispute of events/facts." Id. (citing Barnes v. Fischer, No. 13-CV-164, 2018 WL 5660414 (N.D.N.Y. Mar. 16, 2018) and White v. Williams, No. 12-CV-1775, 2016 WL 4006461 (N.D.N.Y. June 22, 2016)). Plaintiff seems to suggest that the Magistrate Judge failed to carry out that obligation here. See Pl.'s Obj. at 3–4 ("Magistrate Stewart disregarded the hearing record (tape) despite the Plaintiff swearing that the transcript is a misrepresentation, and the tape which proves such. In fact, the Magistrate's reason for not ruling in Plaintiff's favor in [the] motion for spoliation is due to the existence of the hearing tape.").

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff failed to show any prejudice from not receiving the report of the incident prior to the start of the hearing. Id. at 3. He again claims that the hearing officer was biased when he began the hearing despite Plaintiff not having obtained the report ahead of time, and therefore, that he lost the opportunity "to prepare a defense" for himself. Id.

Plaintiff also raises several other arguments, not necessarily directed at the Report-Recommendation itself, but toward the general merits of his claims. In his Objections, he reiterates that C.O. Garland and C.O. Mitchell were "coached by [Defendant] Woodruff." Id. at 4. Plaintiff also argues that their testimony "did not agree with . . . any . . . documentary evidence," id., and thus Woodruff should not have credited their testimony as credible.

## III.    STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Edwards v. Fischer, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). "A district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## IV.    DISCUSSION

Plaintiff's Objections to the Report-Recommendation were due August 3, 2022. R. & R. at 16 (specifying that Plaintiff had fourteen days "to file written objections to the foregoing report"). The Court did not receive his Objections until August 5, 2022. See Pl.'s Obj. However, Plaintiff appears to have signed them on July 31, 2022, id. at 4, and they were postmarked on

August 3, 2022, id. at 5. The prison mailbox rule states that a "[p]laintiff's papers are deemed filed at the time he delivers them to authorities at the facility where he is incarcerated for purposes of forwarding them to the Court Clerk." McMillian v. County of Onondaga, No. 13-CV-1124, 2016 WL 9781807, at *1 (N.D.N.Y. Mar. 29, 2016). Since Plaintiff sent his Objections in the mail by the deadline, the Court deems them timely. Accordingly, the Court must "make a de novo determination of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b).

Plaintiff specifically objects to what he alleges is "[a] primary reason" the Magistrate Judge rejected his claim that Woodruff was a biased hearing officer—i.e., Plaintiff's hearing testimony that Woodruff was "a good hearing officer." Pl.'s Obj. at 2–3; R. & R. at 9 (quoting Woodruff Decl., Ex. C at 16). Plaintiff claims that he never made this statement, and that in two separate documents, he provided a sworn statement that the hearing transcript was tampered with.[5] The Court reviews this specific objection de novo.

Although the Magistrate Judge began his analysis stating that "[p]laintiff's factual allegation of bias is initially belied by his own statement during his hearing that Woodruff was a 'good hearing officer,'" R. & R. at 9, the Magistrate Judge did not rely solely, or even primarily, on this statement to make his determination. Instead, the Magistrate Judge explains throughout the Report-Recommendation how Plaintiff failed to show a genuine dispute of material fact

---

[5] In Plaintiff's earlier Motion for Spoliation of Evidence, Dkt. No. 68, Plaintiff did not claim that this statement ("a good hearing officer") was added or fabricated, but rather alleged that the hearing transcript was altered to make it seem as if his testimony was mostly "inaudible." The Magistrate Judge denied the motion, Dkt. No. 95, in part because Plaintiff stated "he has a copy of the original Tier Hearing tape" and failed to "establish[] that any actions of Defendants have prevented him from using that information." Id. at 3.

regarding his claim of bias because Plaintiff relied exclusively on his own non-specific and conclusory allegations. Id. at 10–11.

The Court agrees with the Magistrate Judge that Plaintiff's claims of bias are non-specific and conclusory. As the Magistrate Judge correctly pointed out in the Report-Recommendation, Plaintiff has broadly alleged that the hearing transcript was tampered with, and that Defendant coached the witnesses, yet has failed to provide any supporting evidence for either of these claims other than his own broad allegations of impropriety. Id. at 10. Plaintiff must "rely on more than his own conclusory allegations; to avoid summary judgment, Plaintiff must offer 'some hard evidence' of his version of the facts." Odom v. Kerns, No. 99-CV-10668, 2008 WL 2463890, at *11 (S.D.N.Y. June 18, 2008) (quoting D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998)).

Even when Plaintiff claims to identify evidence in the hearing transcript supporting his claims of bias, he fails to explain in any detail why the identified excerpts actually support such claims. See generally Dkt. No. 118 ("Plaintiff's Opposition to the Motion"). For instance, Plaintiff states that "Woodruff being biased . . . is clear in the records," Pl.'s Opp'n at 5, but provides no meaningful explanation for why the records show that to be the case. Plaintiff also states that Defendant's "coaching of the witnesses is clear in the record" by citing to several pages in the hearing transcript, yet fails to discuss how these cited pages are evidence of witness coaching. Id. ("As an example [of this witness coaching] in the transcripts this is clear on pg. 10, 11, 13, 18, 22, and more. The way this obvious display of partiality cause[d] prejudice that affected the outcome of the hearing is obvious and plain."). Ultimately, by failing to support his "own subjective belief that [Woodruff] was biased" with specific evidence in the record, Plaintiff

has failed "to create a genuine issue of material fact." <u>Lopez v. Whitmore</u>, No. 13-CV-952, 2015 WL 4394604, at *11 (N.D.N.Y. July 16, 2015).

Plaintiff's related suggestion that the Magistrate Judge failed to review the hearing tape in granting summary judgment also fails. As the Magistrate Judge correctly noted, "Plaintiff has not offered that tape as evidence in opposition to the Motion." R. & R. at 10 n.8. Plaintiff previously represented to this Court that he possesses a copy of the original hearing tape. Dkt. No. 68 at 1. There is no reason why Plaintiff could not have pointed to evidence on the tape to show the bias he believes tainted his hearing.

Plaintiff's remaining objections concerning Woodruff are not specifically directed at the Report-Recommendation, and rather reiterate arguments already made to the Magistrate Judge. <u>Compare, e.g.</u>, Pl.'s Obj. at 3 (arguing he was unable "to prepare a defense" because he did not receive documentary evidence ahead of the hearing), <u>with</u> Pl.'s Opp'n ¶ 19 (stating that "[n]o assistance/documentary evidence had been given" to him before "witnesses were called" and "before Plaintiff could form a defense"). The Court therefore reviews these portions of the Report-Recommendation for clear error and finds none.

Plaintiff did not object to the Magistrate Judge's remaining recommendations for Mandalaywala or Venettozzi. The Court also reviews these remaining recommendations for clear error and finds none.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 123) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that the motion for summary judgment (Dkt. No. 108) is **DENIED in part** with respect to Mandalaywala; and it is further

**ORDERED**, that the motion for summary judgment (Dkt. No. 108) is **GRANTED in part** with respect to Woodruff and Venettozzi; and it is further

**ORDERED**, that Venettozzi is **DISMISSED with prejudice** as a defendant to this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:       September 29, 2022
             Albany, New York

LAWRENCE E. KAHN
United States District Judge