UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**DARNELL TUBBS,**

                      **Plaintiff,**

  vs.                                                **9:19-CV-126
(MAD/DJS)**

**DONALD UHLER,** *Superintendent, Upstate Correctional Facility*; **PETE WOODRUFF,** *Deputy Superintendent of Security, Upstate Correctional Facility*; **WAYNE GARLAND,** *Correction Officer, Upstate Correctional Facility*; **JENNIFER GRAVEL,** *Office of Mental Health Rehabilitation Counselor*; **RANDY MITCHELL,** *Corrections Officer*; **MICHAEL MANSON,** *Corrections Officer*; and **VIJAY MANDALAYWA,** *Doctor*,

                      **Defendants.**

---

**APPEARANCES:**

**DARNELL TUBBS**
95-B-1929
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK
STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**OF COUNSEL:**

**RYAN W. HICKEY,** AAG
**KONSTANDINOS D. LERIS,** AAG

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff Darnell Tubbs, an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant

to 42 U.S.C. § 1983 alleging that his constitutional rights were violated during his incarceration at Upstate Correctional Facility ("Upstate C.F.").  In what remains of the amended complaint for resolution at trial, Plaintiff alleges the following: (1) that on November 29, 2016, Defendants Wayne Garland and Randy Mitchell, correction officers at Upstate C.F., physically and sexually assaulted Plaintiff in his cell; (2) that Defendant Garland carried out the alleged November 29, 2016 assault as retaliation for grievances Plaintiff filed against him and others; (3) that Defendants Michael Manson, also a correction officer, along with Garland, retaliated against Plaintiff by interfering with Plaintiff's ability to obtain mental health treatment; (4) that Defendants Jennifer Gravel, a mental health counselor, and Dr. Vijaykumar Mandalawyala were deliberately indifferent to Plaintiff's medical needs; (5) that Deputy Superintendent Pete Woodruff retaliated against Plaintiff for Plaintiff's November 2, 2016 grievance against Woodruff by denying Plaintiff's requested witnesses and evidence, and exhibiting bias, as the hearing officer at Plaintiff's January 4, 2017 Tier II disciplinary hearing; and (6) that Upstate Superintendent Donald Uhler failed to protect Plaintiff from the alleged November 29, 2016 assault.

      Trial is scheduled to commence on March 25, 2024.  In the their pre-trial motion *in limine*, Defendants seek the following relief: (1) that Defendants be permitted to offer evidence of Plaintiff's criminal convictions and inmate disciplinary history; (2) Plaintiff be precluded from offering evidence, or arguing, that Defendants and/or DOCCS engaged in a conspiracy; (3) Plaintiff be precluded from offering any evidence of Defendants' disciplinary histories, personnel records, or other lawsuits; (4) Plaintiff be precluded from requesting a specific dollar amount in damages from the jury; (5) Plaintiff be precluded from making any reference to the indemnification, or possibility of indemnification, of Defendants by the State of New York; and (6) Plaintiff be precluded from introducing evidence about, or referring to, any of the claims in

2

this action that have previously been dismissed by the Court.  *See* Dkt. No. 165.  Plaintiff has not opposed Defendants' motion.

## II. DISCUSSION

**A.     Standard of Review**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).  A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.  *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998).  Courts considering motions *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context.  *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).  Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**B.     Plaintiff's Criminal Convictions and Disciplinary History**

*1. Criminal Convictions*

Defendants contend that they should be permitted to elicit testimony on cross examination concerning the essential facts of Plaintiff's felony convictions for robbery and grand larceny.  *See* Dkt. No. 165 at 3-6.  Specifically, Defendants note that Plaintiff is currently in DOCCS' custody and is serving a sentence of twelve years and six months to -twenty-five years following felony convictions for Robbery in the First Degree, Assault in the Second Degree, and Grand Larceny in the Fourth Degree.  *See id.* at 3.  Defendants argue that the probative value of the statutory names

3

of the felony conviction, the dates of conviction, and the overall sentence imposed is not outweighed by the prejudicial effect. *See id.* at 4.

Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides that:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>
>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Evid. 609(a).

"The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250

(S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)) (other citation omitted).  "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'"  *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)).  "[C]rimes of violence generally have limited probative value concerning the witness's credibility' and ... theft 'crimes have greater impeachment value[.]'"  *Estrada*, 430 F.3d at 618 (quotation omitted).

  In the present matter, the Court finds that, although the impeachment value of Plaintiff's convictions for Robbery in the First Degree and Grand Larceny in the Fourth Degree is somewhat limited, the remaining factors weigh in favor of granting Defendants' request.  Although Plaintiff's convictions are from 1995, he is still incarcerated for those crimes.  Additionally, Plaintiff's credibility is a central issue in this case.  Finally, the third factor weighs in favor of admission because the crime of conviction does not bear a close resemblance to the conduct at issue in this case, thereby limiting the amount of prejudice to Plaintiff.  *See Somerville v. Saunders*, No. 9:11-cv-556, 2014 WL 272415, *9 (N.D.N.Y. Jan. 24, 2014) (quoting *Stephen v. Hanley*, No. 03–CV–6226, 2009 WL 1471180, *5 (E.D.N.Y. May 21, 2009)); *see also Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993).

  In addition to the factors discussed above, the Court must also consider the standard Rule 403 factors: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Here, these factors also weigh in favor of permitting Defendants to question Plaintiff regarding the statutory names, sentence imposed, and date of conviction.  Limiting the evidence to the statutory names, sentence imposed, and date of conviction reduces any risk of unfair prejudice.

Accordingly, the Court grants this aspect of Defendants' motion *in limine*.

### 2. *Disciplinary History*

Defendants note that Plaintiff has an extensive disciplinary history and seek to introduce part of this history on cross examination. *See* Dkt. No. 165 at 6-8. Specifically, Defendants seeks to introduce Plaintiff's disciplinary history relating to the infractions of smuggling and providing false information to prison officials. *See id.*

As Defendants note, the Second Circuit has held that one of the factors to be considered in evaluating the causation element of an inmate's First Amendment retaliation claim is the inmate's prior disciplinary record. *See Baskerville v. Blot* 224 F. Supp. 2d 723, 732 (S.D.N.Y. 2002) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Consistent with this standard, a defendant should be permitted to solicit testimony on cross-examination concerning a plaintiff's prior disciplinary record, as it is circumstantial evidence which the jury may consider in evaluating motive. *See Amaker v. Fischer*, No. 10-cv-977A, 2014 WL 8663246, *7 (W.D.N.Y. Aug. 27, 2014) (citing *Baskerville*, 224 F. Supp. 2d at 732-33).

Additionally, Rule 608(b) provides that the court may, on cross-examination of a witness, allow inquiry as to specific instances of conduct, "if they are probative of the character for truthfulness of ... the witness, or ... another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b). Specific instances of conduct by an inmate that result in findings of guilt for violating prison disciplinary rules may be admissible pursuant to Rule 608(b). *See Tapp v. Tougas*, No. 9:05-cv-1479, 2018 WL 1918605, *4 (N.D.N.Y. Apr. 20, 2018).

As Defendants note, Plaintiff's prison disciplinary history is extensive. Despite the extensive history, Defendants only seek to question Plaintiff on cross-examination regarding his

6

infractions for smuggling and providing false information to prison officials. Both of these infractions are highly probative of Plaintiff's character for truthfulness. *See United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977) (determining that smuggling "ranks relatively high on the scale of veracity-related crimes"); *Bacon v. United States*, 355 Fed. Appx. 569, 570-71 (2d Cir. 2009) (holding that the district court properly permitted the inmate plaintiff to be cross-examined regarding a smuggling scheme whose discovery prompted disciplinary action); *Tapp*, 2018 WL 1918605, at *4 (ruling that the defendants would be permitted to inquire into the plaintiff's disciplinary infractions for false information because they are specific instances of conduct that are probative of the witness' character for truthfulness). Accordingly, the Court finds that Plaintiff's disciplinary convictions for false information and smuggling are highly probative of Plaintiff's character for truthfulness and Defendants will be permitted to inquire about these convictions for purposes of impeachment on cross-examination.

As such, the Court grants this aspect of Defendants' motion *in limine*.

**C.   Evidence or Argument Concerning a Conspiracy**

Defendants seek to preclude Plaintiff from making any argument concerning a conspiracy in this case since such a claim was not included in Plaintiff's amended complaint. *See* Dkt. No. 165 at 8. Defendants contend that such argument would be irrelevant and unduly prejudicial. *See id.* at 8-9.

The Court agrees. In the present case, any alleged conspiracy has no relevance, as Plaintiff never asserted such a claim and such argument is not relevant to establishing Plaintiff's claims against the individual Defendants. Moreover, even if such argument was marginally relevant, it would be unduly prejudicial. *See Lynch v. Barker*, No. 9:21-cv-895, 2022 WL 17093420, *5 (N.D.N.Y. Nov. 21, 2022).

Accordingly, the Court grants this aspect of Defendants' motion *in limine*.

**D.      Defendants' Disciplinary Histories, Personnel Files, and/or Prior Lawsuits**

Defendants contend that, to the extent Plaintiff attempts to introduce any evidence or elicit testimony regarding Defendants' disciplinary histories, personnel files, and/or any other lawsuits, Plaintiff should be precluded from doing so, since such evidence is irrelevant, unduly prejudicial, and would lead to confusion among the jury.  *See* Dkt. No. 165 at 10-11.

As stated in *Huddleston v. United States*, 485 U.S. 681 (1988), the decision to admit evidence pursuant to Rule 404(b) depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." *Id.* at 688.  Further, where evidence is prejudicial to the defendant, irrelevant, and confusion to the jury, it must be precluded from trial.  *See Lynch*, 2022 WL 17093420, at *3.

In the present matter, the Court agrees with Defendants that there is no basis to admit evidence or testimony related to Defendants' disciplinary histories, personnel files, or prior lawsuits.  First, there is no basis to conclude that any such evidence falls under any of the Rule 404(b) exceptions.  Second, this evidence would only serve to prejudice Defendants and confuse the jury.  The issues before the jury at trial are the specific allegations claimed by Plaintiff against each Defendant and nothing more.  Introduction of this evidence would serve no purpose other than to confuse the jury and distract them from the issues in this case and set forth improper character evidence, which is inadmissible.  *See* Fed. R. Evid. 404(b)(1).

Accordingly, the Court grants this aspect of Defendants' motion *in limine*.[1]

---

[1] The Court may, of course, revisit this ruling at trial should Plaintiff present specific instances of misconduct that could be introduced for a permissible purpose under Rule 404(b).

E.     **Specific Dollar Amount From Jury**

Defendants ask the Court to preclude Plaintiff from requesting a specific dollar amount from the jury. *See* Dkt. No. 165 at 12-13.

The decision of whether to permit a party to argue for a specific amount of damages "is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). However, "specifying target amounts for the jury to award is disfavored. Such suggestions anchor the jurors' expectations of a fair award at a place set by counsel, rather than by evidence." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995) (citation omitted).

At this point, the Court will reserve on this aspect of Defendants' motion. Defendants may renew their request at trial, once Plaintiff has presented his evidence in this matter, thereby permitting the Court to make a reasoned determination based on all evidence.

Accordingly, the Court reserves judgment on this aspect of Defendants' motion.

F.     **Indemnification**

Defendants ask the Court to preclude Plaintiff from making any reference to Defendants being indemnified or potentially indemnified by the State in connection with any judgment in this action. *See* Dkt. No. 165 at 13. Defendants contend that this evidence would be unduly prejudicial. *See id.*

The Court agrees with Defendants. Reference to potential indemnification would be unduly prejudicial and is entirely irrelevant. All references to indemnification or potential indemnification will be precluded. *See Nunez v. Diedrick*, No. 14-cv-4182, 2017 WL 4350572, *2 (S.D.N.Y. June 12, 2017) (holding that "the Court, like several other district judges in this

Circuit, finds that references to the City's potential indemnification obligations would serve no probative value and potentially cause unwarranted prejudice"); *see also Coleman*, 585 F. Supp. 3d 208, 217 (N.D.N.Y. 2022) ("The Court agrees with Defendants that, during the upcoming trial, indemnification would not be relevant to any issue before the jury and would run a significant risk of unfairly prejudicing Defendants") (citation omitted).[2]

Accordingly, the Court grants this aspect of Defendants' motion *in limine*.

**G.     Evidence Relating to Claims Previously Dismissed**

Defendants argue that Plaintiff should be precluded from offering any evidence or referring to facts pertaining to claims previously dismissed.  *See* Dkt. No. 165 at 13-14.

The Court agrees with Defendants that any testimony or evidence concerning claims that have been previously dismissed is irrelevant, unduly prejudicial, and likely to cause confusion. To the extent that Plaintiff seeks to admit any documents that include information about such matters (*i.e.*, the amended complaint, grievance documents, correspondence, *etc.*), they must be appropriately redacted before being introduced.

Accordingly, the Court grants this aspect of Defendants' motion *in limine*.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

---

[2] However, should the jury find that Plaintiff is entitled to an award of punitive damages, Plaintiff may be permitted to introduce evidence relating to an indemnification agreement. *See Mathie v. Fries*, 121 F.3d 808, 816 (2d Cir. 1997) ("Although we do not decide the question of whether a fact-finder can rely upon the existence of an indemnity agreement in order to *increase* an award of punitive damages, we rule that a fact-finder can properly consider the existence of such an agreement as obviating the need to determine whether a defendant's limited financial resources justifies some *reduction* in the amount that would otherwise be awarded") (emphasis in original).

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 165) is **GRANTED in part and RESERVED on in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 21, 2024
       Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge